1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:11-cv-00143 LJO GSA |
| Plaintiff, | ) **FINDINGS AND RECOMMENDATIONS** |
| v. | ) **REGARDING PLAINTIFF'S** *EX PARTE* |
| APPROXIMATELY $38,885.00 IN U.S. | ) **APPLICATION FOR DEFAULT** |
| CURRENCY, | ) **JUDGMENT** |
| Defendant. | ) (Document 21) |

## INTRODUCTION

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks:

1.    Default judgment against the interests of Valentin Rojas Ortega and Adolfo Rojas in approximately $38,885.00 in United States currency ("Defendant Property"); and

2.    Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property.

This Court considered the Government's application for default and final forfeiture judgment motion on the record and without oral argument on the now vacated December 16,

1

2011, hearing, pursuant to this Court's Local Rules 230(g) and 540(d). For the reasons discussed below, this Court RECOMMENDS to:

1.    GRANT the Government default judgment and to ENTER final forfeiture judgment to vest in the Government all right, title and interest in the Defendant Property; and

2.    ORDER the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

## FACTUAL BACKGROUND

### *Seizure of Defendant Property*[1]

This is a civil forfeiture action against approximately $38,885.00 in U.S. Currency (hereafter "defendant currency"). The defendant currency was seized on May 4, 2010, at Highway 99 at Jensen Avenue in Fresno, California. (See Verified Complaint for Forfeiture In Rem filed January 26, 2011, hereafter "Complaint," or Court Docket ("CD") #1 at ¶¶ 1 and 2.)

The facts giving rise to this action are set out in detail in the Complaint. As stated, on May 4, 2010, Sergeant Eric Broughton with the Fresno County Sheriff's Department conducted a vehicle stop on a 2001 GMC Yukon and identified the passenger as Valentin Ortega (hereafter "Ortega") and the unlicensed driver of the vehicle was later identified as Adolfo Rojas (hereafter "Rojas"), who was wanted in Los Angeles County for an outstanding arrest warrant. CD#1 at ¶ 5. While contacting the occupants of the vehicle, Sergeant Broughton noticed an overwhelming odor of air fresheners and observed numerous air fresheners within the vehicle, a common ploy that drug traffickers use to mask the odor of illegal narcotics. *Id.*

Sergeant Broughton asked Rojas and Ortega if there were any guns, drugs, or large amounts of cash in the vehicle, and both Rojas and Ortega said there were not. CD#1 at ¶ 6. During a subsequent consent search of the vehicle, Sergeant Broughton located three prepaid cellular telephones. *Id.* Furthermore, in the natural void behind the front console, Sergeant Broughton located a plastic bag containing two large envelopes stuffed with U.S. currency, the majority of which were $100 bills. *Id.* At this point, Sergeant Broughton requested the assistance of additional law enforcement, which included a narcotics unit, and detained Rojas and Ortega in separate patrol cars. *Id.*

Upon arrival of the narcotics unit, officers used a drug-detection dog, "Rock," to conduct a sniff search of the vehicle. CD#1 at ¶ 7. "Rock" gave a positive alert in the area beneath the middle row passenger seats, and a positive alert on the U.S. currency, which was then laying on the right front seat. *Id.*

---

[1] The facts are quoted directly from the Government's application at pages 2 through 3 and include specific references to the allegations as more fully set forth in the verified complaint.

Sergeant Broughton then continued to search the vehicle. CD# 1 at ¶ 8. Sergeant Broughton searched the area of the middle row seats where the dog-detection canine had given a positive alert. *Id*. He raised the seat bottoms on the hinges and found that both had been altered to allow access to the natural void of the seat between the seat springs and the bottom cloth cover, the cloth appeared to be stretched out from the weight of objects placed inside the natural void. *Id*.

Sergeant Broughton then searched the center console and found a third package of U.S. currency in the bottom of the center console. CD#1 at ¶ 9. The currency was wrapped in a "CAT" weigh station receipt dated 05/03/10, and on the rear of the receipt were several numerical calculations in pencil showing a total of $41,000. *Id*.

Rojas initially told Sergeant Broughton that he and Ortega had traveled to Reno, Nevada to sell a car and were returning to Los Angeles. CD# 1 at ¶ 10. During a later interview with officers when asked about the currency located in the vehicle, Rojas stated that he had won the currency gambling at a casino in Reno, Nevada. *Id*. Rojas then changed his explanation and stated that the currency was the profits from a shoe store in Sparks, Nevada and that he was transporting the currency to Los Angeles. *Id*. Rojas signed a disclaimer of ownership for the located currency and said that the money belonged to an individual by the name of Jacobi Ortega. *Id*. Rojas was unable to provide any contact information for Jacobi Ortega. *Id*.

During an interview with officers Ortega stated that Rojas had dropped him off at a casino and that Rojas was gone for some time before returning to pick up Ortega for the return trip. CD# 1 at ¶ 11. Ortega stated that he had no knowledge of any currency until Rojas gave him a large roll of cash to hide in his pants. *Id*. Ortega signed a disclaimer for the currency located in the console of the vehicle and stated that the $5,000.00 in his pocket belonged to Rojas. *Id*.

### *The Government's Claims*

On January 26, 2011, the Government filed its Complaint for forfeiture *in rem* to claim: (1) that the Defendant Property is subject to forfeiture to the Government under Title 21 of the United States Code section 881(a)(6) in that the currency constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of Title 21 of the United States Code section 841, *et seq.* (Doc. 1.)

On February 1, 2011, based upon the allegations set forth in the Complaint, the Clerk of the Court issued a Warrant for Arrest of Articles *In Rem* for the Defendant Property. (Doc. 7.) The warrant was executed on February 18, 2011. (*See* Doc. 9.)

//

//

1    ***Notice of Forfeiture Action***

2        On January 28, 2011, this Court authorized publication of the forfeiture action via the

3    internet forfeiture website at www.forfeiture.gov for at least thirty (30) days.  (Doc. 5.)  On May

4    19, 2011, the Government filed its Declaration of Publication.  (Doc. 11.)

5            1.    *Valentin Rojas Ortega*

6        On or about February 16, 2011, copies of the complaint, arrest warrant, publication order

7    and other related papers were served via first class and certified United States Mail to Valentin

8    Rojas Ortega at his last known address located at 117 S. Sunol Drive in Los Angeles, California

9    90063.  On or about April 25, 2011, the certified mail documents were returned unsigned and

10   marked "Attempted, Not known."  (Doc. 21 at 4; *see also* Doc. 18-1 at ¶ 5.)

11       On March 8, 2011, the Government attempted unsuccessfully to personally serve

12   Valentin Rojas Ortega with copies of the complaint, arrest warrant, publication order and other

13   papers related to this action, at the aforementioned address.  Lucia Morales, the resident at 117 S.

14   Sunol Drive in Los Angeles on that date, advised the Government representative that she had

15   lived there for about one year and had previously received correspondence for Valentin Rojas

16   Ortega and returned it believing him to be the previous resident.  (Doc. 21 at 5; *see also* Doc. 18-

17   1 at ¶ 8.)

18       On or about July 11, 2011, the Government was provided with an additional last-known

19   address for Valentin Rojas Ortega.  Therefore, copies of the aforementioned documents were sent

20   via first class and certified mail to Valentin Rojas Ortega at 8255 Summerfield Avenue in

21   Whittier, California 90606.  (Doc. 21 at 5-6; *see also* Doc. 18-1 at ¶ 10.)

22           2.    *Adolfo Rojas*

23       On or about February 16, 2011, copies of the complaint, arrest warrant, publication order

24   and other related papers were served via first class and certified United States Mail to Adolfo

25   Rojas at his last known address located at 533 S. Rowan Avenue in Los Angeles, California

26

27

28                                        4

90063.  On or about April 25, 2011, the certified mail and first class mail documents were returned unsigned and marked "unclaimed."  (Doc. 21 at 4-5; *see also* Doc. 18-1 at ¶ 6.)

On or about February 16, 2011, copies of the aforementioned documents were also sent by first class and certified mail to the Law Office of Richard Leonard, an attorney who filed a claim in the administrative forfeiture proceeding on behalf of Adolfo Rojas.  (Doc. 21 at 5; *see also* Doc. 18-1 at ¶ 7.)

On March 8, 2011, the Government attempted unsuccessfully to personally serve Adolfo Rojas with copies of the complaint, arrest warrant, publication order and other papers related to this action, at the aforementioned address.  Maximino Soto, an individual located at 533 S. Rowan Avenue in Los Angeles on that date, advised the Government representative that the address had served as his business - a meat market - for less than two years.  (Doc. 21 at 5; *see also* Doc. 18-1 at ¶ 9 & Ex. E.)

Neither Valentin Rojas Ortega nor Adolfo Rojas have filed a claim or an answer to the complaint in this action.

### Default Entries

At the Government's request, the Clerk of the Court entered defaults in this action as to Valentin Rojas Ortega and Adolfo Rojas on October 13, 2011.  (Docs. 18-19.)

### Sufficiency of the Complaint

The Government contends that the allegations set forth in the Verified Complaint for Forfeiture *In Rem* and the facts cited "provide ample grounds" for forfeiture of the Defendant Property.  (Doc. 21 at 6-7.)

A complaint's sufficiency is a factor to consider when deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  Title 21 of the United States Code section 881(a)(6) provides for the forfeiture of moneys or others things of value that are furnished or intended to be furnished by any person in exchange for a controlled substance,

5

1   that constitutes proceeds traceable to such an exchange, or that is used or intended to be used to

2   facilitate any violation of the laws governing controlled substances.

3        In its Verified Complaint, the Government alleges that the Defendant Property constitutes

4   money or other things of value furnished or intended to be furnished in exchange for a controlled

5   substance, all proceeds traceable to such an exchange and/or were used or intended to be used to

6   facilitate one or more of the laws governing controlled substances, and is therefore subject to

7   forfeiture.  (Doc. 1.)  As referenced above and set forth in the Verified Complaint, during the

8   search of a 2001 GMC Yukon, law enforcement personnel located and seized the Defendant

9   Property from "natural voids" within the vehicle after the vehicle occupants indicated that the

10  vehicle did not contain guns, drugs, or large amounts of cash.  Further, a drug detecting canine

11  gave a positive alert on the Defendant Property.  As a result, the approximately $38,885.00 in

12  United States currency at issue here was seized.  (Doc. 21 at 6.)

13       The complaint meets the requirements of Supplemental Rule G.  It is verified, states the

14  grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property

15  seized and the circumstances surrounding the seizure, and identifies the relevant statutes.  (*See*

16  Doc. 1.)  In the absence of assertion of interests in the Defendant Property, this Court is not in a

17  position to question the facts supporting the forfeiture of the currency.  The facts as alleged

18  provide a sufficient connection between the Defendant Property and illegal drug activity to

19  support the forfeiture.  Case law confirms the Government's position that circumstantial

20  evidence may support the forfeiture of proceeds of a drug crime and the Government need not

21  show a relationship between the proceeds and a specific drug transaction.  *See United States v.*

22  *$30,670.00*, 403 F.3d 448, 467-470 (7th Cir. 2005) (totality of circumstances demonstrated that

23  cash hoard of airline passenger was substantially connected to illegal drug trafficking and

24  properly subject to forfeiture); *United States v. $242,484.00*, 389 F.3d 1149, 1160 (11th Cir.

25  2004) (court applied totality of circumstances to determine "more than enough cause" to believe

26

27

28                                          6

that forty pounds of cash carried by airline passenger and alerted to by narcotics-detecting dog was the proceeds of, or traceable to, illegal drug transaction).

As the Government contends, there are sufficient facts to support the forfeiture of the Defendant Property.

### *Notice Requirements*

The Government contends that it provided required notice for the forfeiture of the Defendant Property. The Fifth Amendment's Due Process Clause prohibits the Government from deprivation of property without "due process of law." Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S. Ct. 492 (1993).

### 1.      Notice by Publication

Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings. Rule G(4)(a)(iv)(C) provides that in lieu of newspaper publication, the Government may publish notice "by posting notice on an official internet government forfeiture site for at least 30 consecutive days." Local Admiralty and *In Rem* rules further provide that the Court shall designate by order the appropriate newspaper or other vehicle for publication. *See* Local Rules 171 & 530.

Here, pursuant to this Court's January 28, 2011, Order, the Government accomplished such notice with publication by way of the official internet government forfeiture site www.forfeiture.gov for a period of at least thirty (30) days. (*See* Doc. 11.)

### 2.      Personal Notice

When the Government knows of an owner of defendant property, however, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of

1    the pendency of the cash forfeiture[.]" *Dusenberry v. United States*, 534 U.S. 161, 168, 122 S.

2    Ct. 694 (2002).  The Government must provide such notice "as one desirous of actually

3    informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover*

4    *Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652 (1950).  "Reasonable notice, however,

5    requires only that the government attempt to provide actual notice; it does not require that the

6    government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v.*

7    *United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

8          Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by

9    means reasonably calculated to reach the potential claimant."  Additionally, this Court's Local

10   Rule 540 addresses notice to persons known to have an interest in property subject to forfeiture.

11   The rule requires that a party seeking default judgment in an action *in rem* to show to the Court's

12   satisfaction that due notice and arrest of the property has been given by: (1) publication; (2) by

13   personal service on the person having custody of the property; (3) if the property is in the hands

14   of a law enforcement officer, by personal service on the person having custody prior to its

15   possession by law enforcement agency or officer; and (4) by personal service or certified mail,

16   return receipt requested, to every other person who has not appeared in the action and is known

17   to have an interest in the property; provided that failure to give actual notice to such other person

18   may be excused upon a satisfactory showing of diligent efforts to give such notice without

19   success.  Local Rule 540(a).

20         Notwithstanding the Supplemental Rules and Local Rule 540(a), the Government

21   provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4

22   requirements.  *See* Fed. R. Civ. P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice

23   to claimants of the property shall then be sent in the manner provided by statute or by service of a

24   summons under this rule").

25         Here, as noted previously, the Government completed service by publication and

26   attempted personal service of the complaint, arrest warrant, publication order and other papers

27

28                                          8

1  regarding this action upon both Valentin Rojas Ortega and Adolfo Rojas at their last known

2  addresses.  In sum, no notice issues arise as to the Defendant Property's forfeiture.

3        ***Failure to File Claim or Answer***

4        The Government contends that this Court's clerk properly entered defaults against

5  Valentin Rojas Ortega and Adolfo Rojas.  (Doc. 21 at 9.)  Supplemental Rule G(5) addresses

6  responsive pleadings in civil forfeiture actions such as this and requires a person who asserts an

7  interest in or right against the subject property to file a claim in this court within thirty-five (35)

8  days after the date of service of the Government's complaint or thirty (30) days after final

9  publication of newspaper notice.  Supplemental Rules G(4)(b) & G(5).  Failure to comply with

10  procedural requirements for opposing the forfeiture precludes a person from establishing

11  standing as a party to a forfeiture action.  *United States v. Real Property*, 135 F.3d at 1317.

12        As outlined above, more than thirty (30) days have passed since final publication

13  occurred, to wit: March 19, 2011.  (Doc. 11.)  Thus, the Clerk of the Court properly entered

14  defaults upon failure of the potential claimants to respond to the Government's complaint and

15  notices.  (Doc. 19.)

16        ***Default Judgment***

17        The Government seeks judgment against the interests of Valentin Rojas Ortega and

18  Adolfo Rojas, and final forfeiture judgment to vest in the Government all right, title and interest

19  in the Defendant Property.  The Supplemental Rules do not provide a procedure to seek default

20  judgment in an action *in rem*.  Supplemental Rule A provides: "The Federal Rules of Civil

21  Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent

22  with these Supplemental Rules."

23        Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default

24  judgment.  Rule 55(a) of the Federal Rules of Civil Procedure governs entry of default:  "When a

25  party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

26  defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

27

28                            9

1  default." Generally, the default entered by the clerk establishes a defendant's liability:

2          Rule 55 gives the court considerable leeway as to what it may require
           as a prerequisite to the entry of a default judgment. The general rule
3          of law is that upon default the factual allegations of the complaint,
           except those relating to the amount of damages, will be taken as true.
4

5  *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987) (internal citations

6  & quotation marks omitted).

7          As noted above, the Government properly obtained default entries against the interests of

8  Valentin Rojas Ortega and Adolfo Rojas.  There is no impediment to default judgment sought by

9  the Government as to them.  The Government properly seeks judgment against the interests of

10  the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and

11  interest in the Defendant Property or currency.  "A judgment in rem affects the interests of all

12  persons in designated property. . .. [T]he plaintiff is seeking to secure a pre-existing claim in the

13  subject property and to extinguish or establish the nonexistence of similar interests of particular

14  persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n.12, 78 S. Ct. 1228 (1958).

15         In light of the defaults, a final forfeiture judgment is in order for the Government.

16                              **RECOMMENDATIONS AND ORDER**

17         For the reasons discussed above, this Court RECOMMENDS to:

18     1.     GRANT plaintiff United States of America default judgment against the interests

19            of Valentin Rojas Ortega and Adolfo Rojas in the Defendant Property;

20     2.     ENTER final forfeiture judgment to vest in Plaintiff United States of America all

21            right, title and interest in the Defendant Property; and

22     3.     ORDER Plaintiff United States of America, within ten (10) days of service of an

23            order adopting the findings and recommendations, to submit a proposed default

24            and final forfeiture judgment consistent with the findings and recommendations

25            and order adopting them.

26  //

27

28                                            10

1       These findings and recommendations are submitted to the district judge assigned to this

2   action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local

3   Rule 304.  Within fourteen (14) days of service of this recommendation, any party may file

4   written objections to these findings and recommendations with the Court and serve a copy on all

5   parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

6   Recommendations."  The district judge will review the magistrate judge's findings and

7   recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

10

11       IT IS SO ORDERED.

12   **Dated:    December 15, 2011**                    /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          11